# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1122 |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

### THE DEFENDANT DISTRICT OF COLUMBIA'S
### MOTION TO DISMISS THE COMPLAINT

Pursuant to *Fed. R. Civ. P.* 17, defendant University of the District of Columbia ("UDC"), by and through undersigned counsel, hereby moves this Court, to dismiss the complaint. As reasons for this motion, the District states the following:

1. The University of the District of Columbia is not a suable entity of the District. These defendants are not the proper parties in interest.[1]

A memorandum of points and authorities in support of this motion and proposed order are attached hereto.

Respectfully submitted,

ROBERT SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

---

[1] In its motion to enlarge the time in which to file its response, this defendant indicated that it would not oppose plaintiff substituting the Board of Trustees of the University of the District of Columbia as the proper party. *See* Defendant's Motion to Enlarge the Time to Respond, Docket Entry # 10. As of the date of this filing, plaintiff has filed to seek leave to substitute the proper party.

_____
PATRICIA A. JONES #428132
Chief, General Litigation IV



_____
GEORGE E. RICKMAN #433298
Assistant Attorney General
Section IV
General Litigation Division
P.O. Box 14600
Washington, DC 20044-4600
202-442-9840/fax 202-727-3625

Case 1:05-cv-01122-HHK-DAR   Document 11   Filed 05/15/2006   Page 2 of 5

# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE NORRIS,           )<br>                             )<br>        Plaintiff,         )<br>                             )<br>v.                           )<br>                             )<br>THE DISTRICT OF COLUMBIA, )<br>                             )<br>        Defendant.        ) | Civil Action No. 05-1122 |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DEFENDANT UNIVERSITY OF THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS THE COMPLAINT

Preliminary Statement

Plaintiff files suit under 42 U.S.C. § 1981 and the District of Columbia Human Rights Act, D.C. Official Code § 2-1402.41 for claims arising from the time she was a nursing student in the University of the District of Columbia School of Nursing ("UDC"). The District of Columbia and UDC are the only named defendants in this lawsuit. On July 27, 2005, plaintiff voluntarily dismissed the District. Docket Entry # 6. On December 22, 2005, the Court granted plaintiff's motion to re-open case and issued a summons directed to defendant UDC. Docket Entry # 8. This summons was again re-issued on April 6, 2006. Docket Entry, dated April 6, 2006.

Plaintiff, a Caucasian female, alleges that she was discriminated against in the grading of her examinations and in UDC ultimately forcing her to leave the institution. See Complaint (generally). Her withdrawal from UDC, plaintiff alleges, followed her being forced to leave a clinical program by the Veteran's Administration. This then precipitated her withdrawal from UDC while another student, an African-American

female in similar circumstances, was accommodated and allowed to continue. See

Complaint (generally).

Argument

A.   The Board of Trustees of the University of District of Columbia is an independent, suable entity of the District. Therefore, the District of Columbia and UDC are not parties in interest.

Under D.C. Official Code § 38-1202.01(a), the Board of Trustees of UDC is

established as an independent entity of the District of Columbia. It states, in part:

> "…it shall have the power to adopt, alter, and use a corporate seal which shall be judicially notice; and to make contracts; *to sue and be sued, to complain and defend in its own name in any court of competent jurisdiction* (emphasis added)…"

The capacity to sue and be sued is governed by state law and where the statute clearly

vests an entity with such authority, that entity is the proper party in interest. *Fed. R. Civ.

P.* 17(b) also see *Bridges v. Kelly,* 977 F. Supp. 503, 506 n.4 (D.D.C. 1997).

In this case, plaintiff has only named the University of the District of Columbia

("UDC") as a defendant, voluntarily dismissing the District on a prior occasion. UDC is

not the proper party in interest.   Pursuant to *Fed. R. Civ. P.* 17, the complaint must

therefore be dismissed.

              Respectfully submitted,

              ROBERT SPAGNOLETTI
              Attorney General, D.C.

              GEORGE C. VALENTINE
              Deputy Attorney General, D.C.
              Civil Litigation Division

                                        _____  
PATRICIA A. JONES #428132  
Chief, General Litigation IV  


_____  
GEORGE E. RICKMAN #433298  
Assistant Attorney General  
Section IV  
General Litigation Division  
P.O. Box 14600  
Washington, DC 20044-4600  
202-442-9840/fax 202-727-3625