UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NICOLE NORRIS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | Case No. 05-cv-1122 (HHK) |
| v. | : | Judge Henry H. Kennedy, Jr. |
| | : | |
| BOARD OF TRUSTEES OF THE | : | |
| UNIVERSITY OF THE DISTRICT | : | |
| OF COLUMBIA, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

## DISTRICT OF COLUMBIA'S OPPOSITION TO PLATNIFF'S MOTION FOR DEFAULT

The District of Columbia, by and through its attorney, hereby submits this opposition to plaintiff's Motion for Default on the grounds that (1) plaintiff's motion is moot, as the District has filed a responsive pleading to plaintiff's amended complaint as of the filing of this opposition; (2) the District of Columbia was voluntarily dismissed by plaintiff from this case on July 27, 2005 and is no longer a party to this action; and (3) the District of Columbia was never properly served.

A memorandum of points and authorities and proposed order supporting the District's positions are attached hereto.

Dated: February 22, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia


GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


    /s/ Phillip A. Lattimore, III
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation, Section III
Civil Litigation Division


    /s/ Kerslyn D. Featherstone
KERSLYN D. FEATHERSTONE [422968]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

NICOLE NORRIS,                :
                                  :
     **Plaintiff,**         :
                                  :    **Case No. 05-cv-1122 (HHK)**
**v.**                       :    **Judge Henry H. Kennedy, Jr.**
                                  :
**BOARD OF TRUSTEES OF THE**  :
**UNIVERSITY OF THE DISTRICT** :
**OF COLUMBIA,**          :
                                :
     **Defendant.**       :
_____ :

## <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE DISTRICT OF COLUMBIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT</u>

The District of Columbia (hereinafter "the District") submits this memorandum of points and authorities in support of its opposition to plaintiff's motion for default. As a basis for its opposition, the District avers that plaintiff motion must be denied because (1) plaintiff's motion is moot, as the District has now filed a responsive pleading to plaintiff's amended complaint as of the filing of this motion; (2) the District of Columbia was voluntarily dismissed by plaintiff from this case on July 27, 2005 and is no longer a party to this action; and (3) the District of Columbia was never properly served.

### RELEVANT FACTS

On July 22, 2005, plaintiff filed an amended complaint against the District of Columbia Government and the University of the District of Columbia. In her amended complaint plaintiff, alleges violations under 42 U.S.C. § 1981 and the D.C. Human Rights Act, D.C. Code § 2-1402.41 for claims arising from the time she was a nursing

student in the University of the District of Columbia.  *See* Complaint (generally).  On July 27, 2005, Plaintiff filed a notice voluntarily "dismissing all claims against the District of Columbia Government."  *See* Docket #6, Notice of Voluntary Dismissal filed by plaintiff.  At this point, the only party left in the lawsuit is the University of the District of Columbia.

However, on November 22, 2005, plaintiff moved this court to re-open the case and to re-issue a summons for the University of the District of Columbia.  *See* Docket #7. In that motion, plaintiff learned that on November 1, 2005, the court marked the case as "closed".  *Id.* at 3, ¶12.  Plaintiff believed this happened because the University of the District of Columbia, the only remaining party in the action, had not been served.  *Id.* at 3, ¶15.  As a result, the court granted plaintiff's motion and re-opened the case as to the University of the District of Columbia, and a summons was to be issued to the "defendant, the University District of Columbia."  *See* Docket #8.

On April 24, 2006, the District of Columbia, on behalf of the University of the District of Columbia, filed a Motion to Dismiss on the grounds that the University of the District of Columbia cannot be sued in its name.  Rather it must be sued through the Board of Trustees of the University of the District of Columbia.  Based on the University's filing, plaintiff contacted then counsel for the District and asked for his consent to substitute the properly named party on behalf of the University.  The District consented and plaintiff filed a motion to substitute the University of the District of Columbia with the properly named party, the Board of Trustees of the University of the District of Columbia.  That motion was granted by this Court on May 22, 2006 and a summons was issued for the Board of Trustees of the University of the District of

Columbia, as the proper party in interest, by minute order on June 6, 2006. On September 5, 2006, plaintiff filed a Motion to Reissue Summons and the Court granted plaintiff's motion on September 6, 2006. On December 20, 2006, the clerk reissued summons as to "DISTRICT OF COLUMBIA GOVERNMENT, BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA." *See* December 6, 2006, Docket Entry. Plaintiff filed Affidavits of Service, along with a Motion for Default, on February 20, 2008. The District has filed, simultaneously with this opposition, a Motion to Dismiss. The District now responds to plaintiff's Motion for Default.

## ARGUMENT

### I.    **Plaintiff's Motion is Moot Since the District Filed a Response to Plaintiff's Complaint**.

The District of Columbia filed a responsive pleading to plaintiff's amended complaint on February 22, 2008. Therefore, plaintiff's request for Default is moot and should be denied.

### II.    **The District Reincorporates its Arguments From the District's Previously Filed Motion to Dismiss**.

#### A.  **The District of Columbia is not a party to this lawsuit.**

The District of Columbia is no longer a party in this action and should not be named or referred to by plaintiff in any pleadings filed with the court. In filing pleadings with the court that continue to name the District as a party, plaintiff only confuses the Court and muddles the issues in the case.

The amended complaint filed in this action on July 22, 2005, named the District of Columbia Government and the University of the District of Columbia as parties to this action. Plaintiff subsequently, on July 27, 2005, filed a notice voluntarily "dismissing all claims against the District of Columbia Government." *See* Docket #6, Notice of Voluntary Dismissal filed by plaintiff. When plaintiff moved this court to re-open the case and to re-issue a summons for the University of the District of Columbia on November 22, 2005, s*ee* Docket #7, the court granted plaintiff's motion and re-opened the case as to the only remaining defendant, the University of the District of Columbia, and a summons was to be issued to the "defendant, the University District of Columbia." *See* Docket #8.

Because the University of the District of Columbia must be sued through the Board of Trustees of the University of the District of Columbia, the Court allowed the Board to become the substituted party in the amended complaint and a summons was issued for the Board of Trustees of the University of the District of Columbia by minute order on June 6, 2006.

On September 5, 2006, when plaintiff had not served the Board, she filed a Motion to Reissue Summons for the defendant and the Court granted plaintiff's Motion on September 6, 2006. On December 20, 2006, over two months later, the clerk reissued summons as to "DISTRICT OF COLUMBIA GOVERNMENT, BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA." (emphasis added). *See* December 6, 2006, Docket Entry.

The re-issuance as to the District of Columbia appears to have been done in error by the clerk, as the only party remaining in this action was the Board of Trustees of the

University of the District of Columbia. Moreover, on September 5, 2006, when Plaintiff moved the court to reissue the summons, he incorrectly captioned the matter, "District of Columbia, et al.," See Docket #15, Motion for Leave of Court to Reissue Summons at 1. Plaintiff should have made it clear in the pleading that he was only requesting this re-issuance to defendant, Board of Trustees of the University of the District of Columbia. Furthermore, when plaintiff received the re-issued summons, he should have alerted the Court that the District of Columbia was no longer a party to this lawsuit and, therefore, no summons should have been re-issued against it.

Accordingly, because the District is not a party to this lawsuit and was previously dismissed by plaintiff, the District of Columbia respectfully requests that this court deny plaintiff's Motion for Default as to the District of Columbia.

**B.  Plaintiff has failed to properly serve the District of Columbia.**

Even if plaintiff had not already dismissed the District of Columbia, plaintiff has failed to properly serve the District of Columbia. Therefore, default is improper and plaintiff's motion should be denied.

The rule for service upon a state or local government in Federal Court is Fed. R. Civ. P. 4(j)(2). This rule states that service may be made by delivering a copy of the summons and complaint to the chief executive officer or in the manner prescribed by the law of that state for service of process. The Plaintiff in this case did not deliver his summons and complaint to a chief executive officer,[1] so service of process must be made pursuant to the local rule, Super. Ct. Civ. R. 4(j), in order for it to be proper. "Unless the

---

[1] "If the plaintiff opts not to serve the District according to District of Columbia service of process requirements, then he must 'deliver a copy of the summons and of the complaint to [the District's] chief executive officer …' Fed. R. Civ. P. 4(j)(2)." *Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175, 35 (D.D.C. 2007).

procedural requirements of effective service of process are satisfied, a court lacks power to assert personal jurisdiction over a defendant." *Wilson v. Prudential Fin.*, 332 F. Supp. 2d 83, 87 (D.D.C. 2004). The party on whose behalf service is made has the burden of proving that Rule 4 was satisfied in serving process. *Id.* Because Plaintiff has not demonstrated compliance with Fed. R. Civ. P. 4 and Super. Ct. Civ. R. 4, the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.

The rules do permit Plaintiff to serve by registered or certified mail; however, since he chose that method, it was his burden to prove service on either the named individuals or an authorized agent. Such has not been accomplished. Super. Ct. Civ. R. 4(l)(2) states that if service is made by registered or certified mail and is not signed by the party named in the summons, proof of service must show "specific facts from which the Court can determine that the person who signed the receipt meets the appropriate qualifications for receipt of process set out in subdivisions (e) through (j) of this Rule." In subdivision (j), the rule states that the Mayor and the Attorney General "may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the Court." Super. Ct. Civ. R. 4(j). *See* Exhibits 1 and 2.

Plaintiff's affidavit of proof of service states that "plaintiff served the Amended complaint and summons in the action upon Defendant District of Columbia Government via the Office of the Mayor, … on April 10, 2007 at approximately 12:55 p.m. signed for by M. Katz." *See* Exhibit 3, Affidavit of Service of Process. The attached affidavit is only for the Mayor's office and fails to attach a receipt for each the Attorney General's office and the Mayor's office. Futhermore, the affidavit does not indicate delivery to

(former) Attorney General, Linda Singer, Mayor Adrian Fenty, or one of their designees. The affidavit only refers to a FedEx Tracking number referencing a signature by M. Katz. This person is not named as an individual who is authorized to accept service for either the Mayor or the Attorney General. *See* Exhibits 1 and 2.  It is the duty of the plaintiff when service is made by certified or registered mail to articulate "specific facts from which the Courts can determine that the person who signed the receipt meets the appropriate qualifications for service of process." Super. Ct. Civ. R. 4(l)(1). *See Kopff v. World Research Group, LLC*, 298 F. Supp. 2d 50, 59 (D.D.C. 2003).  The signature here is insufficient, especially in light of the notice that each agency has made designating its authorized agents. *See* Defendant Exhibits 1 and 2.  At best, it can be assumed that Plaintiff's mail went to a mail clerk or receptionist.  However, "a receptionist in one's office, even if authorized to sign for and open all of the mail, is not necessarily authorized to accept service of process." *Larry M. Rosen & Associates, Inc. v. Hurwitz*, 465 A.2d 1114, 1117 (D.C. 1983), *citing Morfessis v. Marvins Credit, Inc.,* 77 A.2d 178, 180 (D.C. 1950) (status as secretary and sole office employee did not establish agency to receive service of process for employer).

Defendant's instant response does not concede service because "simply being on notice of a lawsuit 'cannot cure an otherwise defective service.'" *Candido v. District of Columbia*, 2007 U.S. Dist. LEXIS 45175, 35 (D.C.C., decided June 22, 2007), quoting *Whitehead v. CBS/Viacom, Inc.,* 221 F.R.D. 1, 2-3 (D.D.C. 2004).

## CONCLUSON

Based on the foregoing reason, the District of Columbia respectfully requests this Court to deny plaintiff's Motion for Default and to dismiss all claims as to the District of Columbia with prejudice.

Dated: February 22, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

\_\_\_\_/s/ Phillip A. Lattimore, III_____
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation, Section III
Civil Litigation Division

\_\_\_/s/  Kerslyn D. Featherstone _____
KERSLYN D. FEATHERSTONE [422968]
Assistant Attorney General
441 4th Street, N.W.
6th Floor South
Washington, D.C. 20001
P(202) 724-6600
F(202) 727-3625