UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICOLE NORRIS, : | |
|    Plaintiff, : | |
| : | |
| v. : | No. 05-1122 (HHK) |
| : | |
| DISTRICT OF COLUMBIA : | |
| GOVERNMENT, et al., : | |
|    Defendant. : | |

## BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

The Board of Trustees of the University of the District of Columbia (hereinafter the Board) submits this memorandum of points and authorities in opposition to Plaintiff's motion for entry of default.

### Relevant Facts

In his motion for entry of default, Plaintiff claims that he served the "Defendant District of Columbia Government in its representative capacity for the University of the District of Columbia via courier through the University of the District of Columbia's Office of General Counsel" by delivering a copy of the complaint, amended complaint and summons on "C. Douglas" on or about April 10, 2007.  Motion for Entry of Default, Affidavit of Service of Process.  Although C. Douglas (aka Cobb Douglas) is employed at the University of the District of Columbia, he neither works for the Board of Trustees, the Office of General Counsel, nor the Office of President of the University.  This office has been informed that Mr. Douglas is a mailroom clerk for the entire University and has not been authorized by either the President or the Chair of the Board of Trustees to accept service of legal documents for the Board.  The Board of Trustees for the University of the

District of Columbia incorporates by reference the facts that are set forth in the District of Columbia Government's motion to dismiss Plaintiff's Amended complaint. See Docket Nos. 19, 20.

## Discussion

### This Court Should Deny Plaintiff's Motion Because She Has Not Properly Served the Board.

Although not clearly set forth in the motion, it appears that Plaintiff seems to be saying that she effectively served the Board of Trustees of the University of the District of Columbia by delivering a copy of the complaint, amended complaint and summons to the University's Office of General Counsel by having "C. Douglas" sign for a federal expresss courier package. Despite this contention, Plaintiff has failed to effectively serve the Board and this Court should not enter default against the Board.

Fed. R. Civ. P. 4(j) specifically states that service on a governmental organization (here the Board of Trustees of the University of the District of Columbia, a public institution of higher learning) that is subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer, or by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons upon any such defendant. *See also* Super. Ct. Civ. R. 4(j)(1-2). Here, Plaintiff has done neither.

As argued in the Board's motion to dismiss (docket no. 21), the chief executive officer of the University of the District of Columbia is the President of the institution. *See* 8 D.C.M.R. § 202.1. The President of the University in April 2007, was Dr. William Lawrence Pollard. Plaintiff neither served Dr. Pollard nor his designee. Instead, Plaintiff delivered her complaint, amended complaint, and summons to a "C. Douglas," a UDC

employee who works in the University's general mailroom, by federal express courier. Clearly, a mailroom clerk is not contemplated to be a chief executive officer for purposes of the federal rules. Mr. Douglas is not the chief executive officer of UDC[1].

Moreover, "C. Douglas" is not an officer, managing or general agent, or agent authorized by appointment or by law to receive service of process for either the Board or University of the District of Columbia. *See* Super. Ct. Civ. R. 4(h)(1) and Fed. R. Civ. P. 4(h)(1). Here, Mr. Douglas has not been authorized by the chief executive officer of the University of the District of Columbia to accept service. Accordingly, Plaintiff has failed to effectuate service in a manner that is prescribed by the law of the District of Columbia. *Pacific Lanes v. Bowling Proprietors Association,* 248 F.Supp. 347 (D. Ore. 1965)(service on director was neither an officer nor a managing agent of the corporation and was invalid).

Finally, this office has been advised that C. Douglas is not authorized to accept service on behalf of the Office of General Counsel[2]. And even if Mr. Douglas was employed in the Office of General Counsel, he would not be the chief executive officer of the governmental entity and authorized to accept service of legal documents. *See Calder v. Stanly County Board of Education,* 2002 U.S. Dist. LEXIS 20687 *6-7 (M.D. N.C., Sept. 26, 2002).

## CONCLUSION

In sum, Plaintiff's service of his complaint, amended complaint and summons on C. Douglas, a mailroom clerk or employee, by federal express courier fails to meet the

---

[1] Service on a trustee member appears to be invalid service as well. *See Beachboard v. Trustees of Columbia University*, 475 A.2d 398 (D.C. 1984)(service on University trustee is insufficient to put University on notice of claim).
[2] The Board will submit an affidavit and/or declaration to support this representation under separate cover.

requirements of either Fed. R. Civ. P. 4 or Super. Ct. Civ. R. 4.  *See, e.g, Tafler v. District of Columbia*, 2006 U.S. Dist. LEXIS 81714 (D.D.C. November 8, 2006). Therefore, this Court should deny Plantiff's motion and dismiss this complaint for failing to properly serve the Board.

        Respectfully submitted,

        PETER NICKLES
        Interim Attorney General
         for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General,
        Civil Litigation Division
          /s/
        PHILLIP A. LATTIMORE, III [422968]
        Chief, General Litigation Sec. III
        Office of Attorney General
        441 Fourth Street, N.W., Sixth Floor South
        Washington, D.C. 20001
        (202) 727-6295
        (202) 727-3625 (fax)
        E-mail:  phillip.lattimore@dc.gov