**IN THE UNITED STATES DISRTICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>NICOLE NORRIS</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Plaintiffs,</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td>Case No.: 05-CV-1122 (HHK)</td></tr>
<tr><td>v.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>DISTRICT OF COLUMBIA, et al.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
<tr><td>Defendant.</td><td>:</td><td></td></tr>
<tr><td></td><td>:</td><td></td></tr>
</table>

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO**
**PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

COMES NOW Plaintiff, Nicole Norris, by and through counsel, Jimmy A. Bell, Esq. and

the Law Office of Jimmy A. Bell, P.C. and hereby submits this Reply to Defendant's Opposition

to Plaintiff's Motion for Default Judgment.

For cause, Plaintiffs state as follows:

**ARGUMENT**

I.    **DEFAULT JUDGMENT IS APPROPRIATE IN THE INSTANT CASE AS**
      **DEFENDANT WAITED NEARLY A YEAR BEFORE FILING ITS RESPONSE**
      **AND PLAINTIFF WILL BE PREJUDICE IF DEFAULT IS DENIED.**

Defendant did not respond timely to Plaintiff's Complaint and in fact, did not respond

until almost a year after being served on April 10, 2007 before filing its responsive pleading with

this Court on February 22, 2008.  Despite contending that Defendant District of Columbia is not

the proper party to the instant suit due to a Notice of Voluntary Dismissal filed with this Court on

July 27, 2005, Defendant was still properly served with Plaintiff's Complaint and therefore,

obligated to file an answer with this Court within twenty days from the date of service, Fed. R.


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

Civ. P. 12(a)(1)(A).  Accordingly, Defendant's answer was due to be filed with this Court on April 30, 2007.

Because Defendant did not file its Motion until February 22, 2008, nearly a full year after having been served with the instant Complaint, Plaintiff would be prejudiced by this Court finding Plaintiff's Motion for Default moot as a result of Defendant's substantially untimely filing of its Motion to Dismiss. Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment.

Additionally, Defendant's prior argument that Defendant District of Columbia is not the proper party to the instant action is disingenuous as the University of the District of Columbia is an agency of the District of Columbia, the University employees are employees of the District of Columbia, and Congress granted the District of Columbia the authority to control and/or regulate the University's financial matters through the District of Columbia Financial Responsibility and Management Assistance Authority ("Control Board"). See University of the District of Columbia Faculty Ass'n, et al. v. Board of Trustees of the University of the District of Columbia, et al. (D.D.C. 1998) (finding that Control Board exceeded its authority when it nullified a collective bargaining agreement);  Holland v. Board of Trustees of the University of the District of Columbia, 794 F. Supp. 420 (D.D.C. 1992) (holding former employee of University, as employee of the District of Columbia, could not maintain DCHRA claims against the University).  Thus, because the District employs the University's faculty and staff and has the authority to act on behalf of the University, Defendant is a proper party to the instant action and Default Judgment is appropriate.

2


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

II.     **VOLUNTARY DISMISSAL ACCORDING TO FEDERAL RULE 41(A) IS WITHOUT PREJUDICE AND DOES NOT PRECLUDE A RE-OPENING OF SAID CASE AGAINST DEFENDANT.**

According to Federal Rule of Civil Procedure 41(a)(1): "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice…"  In the instant case, Plaintiff filed a notice according to Rule 41(a) on July 27, 2005, voluntarily dismissing her Complaint against Defendant District of Columbia.  However, on November 22, 2005, Plaintiff filed a Motion to Re-Open Plaintiff's case and subsequently, this Court issued a summons as to Defendant District of Columbia, which was properly served on April 10, 2007.

Plaintiff's July 27, 2005, notice did not state that said dismissal was with prejudice, thus said dismissal was without prejudice and thus does not foreclose re-opening the instant case as to Defendant, and therefore does Defendant District of Columbia is a proper party in the instant action.  Accordingly, Default Judgment is appropriate as to Defendant as Defendant did not timely file a responsive pleading to the instant action.

III.    **PLAINTIFF'S MOTION MUST BE GRANTED AS SERVICE UPON THE MAYOR IS AUTHORIZED BY STATUTE, WHICH CANNOT BE SUPERSEDED BY THE MEMORANDUM ACCOMPANYING DEFENDANT'S MOTION, THUS SERVICE WAS SUFFICIENT.**

Federal Rule of Civil Procedure 4(j) states in relevant part that: "Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and the complaint to the chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state…"

As Rule 4(j) makes clear, Plaintiff can opt to serve the chief executive officer, which in the District of Columbia would be the Mayor, or Plaintiff must effectuate service according to


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

the Superior Court Rules of the District of Columbia. Id.; Candido v. District of Columbia, 2007

U.S. Dist. LEXIS 45175 (D.D.C. 2007).  In Candido, this Court stated that "Here, the plaintiff

may satisfy the requirements of Rule 4(j)(2) by effecting proper service on the Mayor by

"delivering [to him] a copy of the summons and of the complaint . . .", Fed. R. Civ. P. 4(j)(2), or

by complying with Superior Court of the District of Columbia Rule of Civil Procedure 4(j),

which requires a party suing the District of Columbia to "deliver[] . . . a copy of the summons,

complaint and initial order to the Mayor of the District of Columbia (or designee) and the

Corporation Counsel of the District of Columbia (or designee)." SCR-Civil Rule 4(j)." Id.

Moreover, §2-401 of the Code of the District of Columbia provides that "In suits commenced

after June 20, 1984, against the District of Columbia, process may be served on the Mayor of the

District of Columbia…"

Here, Plaintiff chose to effect service on the Mayor of the District of Columbia as

Plaintiff can choose to do according to Rule 4(j)(2) of the Federal Rules of Civil Procedure.  As

Plaintiff's Affidavit of Service makes clear, Plaintiff sent a copy of the summons, complaint, and

amended complaint to the Mayor of the District of Columbia via certified mail, thus complying

with Rule 4(j)(2) providing for service upon the chief executive officer. See also, Id..  It is

unsettling that while Defendant relies on Candido for its argument that Plaintiff did not properly

serve Defendant, Defendant fails to acknowledge to this Court that Candido makes clear that

Plaintiff can choose to either effectuate service according to Federal Rule 4(j) or according to the

local rules.  Specifically, the Candido Court stated that it is only when a plaintiff does not serve

defendant according to Federal Rule 4(j) that he must serve defendant according to the Superior

Court Rules of the District of Columbia. Id.


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

Moreover, Defendant completely failed to acknowledge §2-401 of the Code of the District of Columbia, which provides that "In suits commenced after June 20, 1984, against the District of Columbia, process may be served on the Mayor of the District of Columbia…" Instead, Defendant chose to rely on two memoranda, which do not bear a file stamp from the Superior Court of the District of Columbia, in support of its notion that service was not sufficient.  Said memoranda, which do not appear to be accessible by the public cannot be used to supersede statutory authority allowing Plaintiff to serve the Mayor in actions against the District of Columbia as neither this Court, the Superior Court of the District of Columbia, or Congress has seen fit to adopt said memoranda as legally binding and/or as statutory law in the District. Accordingly, Plaintiff has no way of knowing who Defendant may designate, throughout its many branches and departments to accept service within the District of Columbia Government.  Thus, as Plaintiff has complied with statutory law and the Rules of this Court, service was sufficient and Default Judgment must be granted in favor of Plaintiff.

Alternatively, if this Court finds service to be insufficient, Plaintiff respectfully requests that this Court extend time for Plaintiff to properly effectuate service upon Defendant accordingly to Federal Rule 4(m).  Plaintiff has demonstrated good cause for such extension as Plaintiff has complied with §2-401 and Federal Rule 4(j)(2) by serving the Mayor and it would be unjust to preclude service where service would have been sufficient if Plaintiff was lucky enough to have a designated person sign for the certified package, where Plaintiff had not been provided with any specific person to whom to address certified mailings for purposes of service of process. Byrd v. District of Columbia, Civil Action No. 04-2231 (PLF) (D.D.C. 2005) (holding Plaintiff demonstrated good cause where she mailed complaint and summons via

5



certified mail to the address provided by Defendant and someone not authorized to accept service

signed for said package).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's

Motion for Default Judgment.

Respectfully submitted,


_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (Fax)


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image