IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE NORRIS** : | |
| : | |
| Plaintiffs, : | **Case No.: 05-CV-1122 (HHK)** |
| v. : | |
| **DISTRICT OF COLUMBIA, et al.** : | |
| Defendant. : | |

**PLAINTIFF'S REPLY TO DEFENDANT BOARD OF TRUSTEES' OPPOSITION TO PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

COMES NOW Plaintiff, Nicole Norris, by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C. and hereby submits this Reply to Defendant's Opposition to Plaintiff's Motion for Default Judgment.

For cause, Plaintiffs state as follows:

**ARGUMENT**

**I.  DEFAULT JUDGMENT IS APPROPRIATE IN THE INSTANT CASE AS DEFENDANT WAITED NEARLY A YEAR BEFORE FILING ITS RESPONSE AND PLAINTIFF WILL BE PREJUDICE IF DEFAULT IS DENIED.**

Defendant did not respond timely to Plaintiff's Complaint and in fact, did not respond until almost a year after being served on April 10, 2007 before filing its responsive pleading with this Court on February 22, 2008.  Defendant was served with Plaintiff's Complaint and therefore, obligated to file an answer with this Court within twenty days from the date of service, Fed. R. Civ. P. 12(a)(1)(A).  Accordingly, Defendant's answer was due to be filed with this Court on April 30, 2007.



Because Defendant did not file its Motion until February 22, 2008, nearly a full year after having been served with the instant Complaint, Plaintiff would be prejudiced by this Court finding Plaintiff's Motion for Default moot as a result of Defendant's substantially untimely filing of its Motion to Dismiss. Accordingly, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment.

**II.  PLAINTIFF SERVED DEFENDANT'S OFFICE OF GENERAL COUNSEL, WHICH DEFENDANT DOES NOT ARGUE IS NOT AUTHORIZED TO ACCEPT SERVICE, THUS SERVICE WAS SUFFICIENT AND PLAINTIFF'S MOTION FOR DEFAULT MUST BE GRANTED.**

Federal Rule of Civil Procedure 4(j) states in relevant part that: "Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and the complaint to the chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state…"

Federal Rule 4(h) states in pertinent part that service upon a corporation or association shall be made by: "delivering a copy of the summons and complaint to an officer, a managing or other general agent, or to any other agent authorized by appointment or by law…" Not surprisingly, Defendant does not argue that its General Counsel's Office is not authorized to accept service on behalf of Defendant, but only that the person that actually signed for the certified package was not so authorized. However, Plaintiff mailed, via certified mail, a copy of her Complaint to Defendant's General Counsel's Office and should not be penalized because Defendant has not made clear who should sign for such packages. As Defendant does not take issue with the Office to which Plaintiff mailed her Complaint and Defendant does not argue that its General Counsel's Office was not authorized to accept service on behalf of Defendant,



Plaintiff's Affidavit of Service is sufficient proof that proper service was made. Accordingly, Defendant is in default having not filed a responsive pleading until almost a year after the same was due and Plaintiff's Motion for Default must be granted.

Alternatively, if this Court finds service to be insufficient, Plaintiff respectfully requests that this Court extend time for Plaintiff to properly effectuate service upon Defendant accordingly to Federal Rule 4(m). Plaintiff has demonstrated good cause for such extension as Plaintiff with Federal Rule 4 by serving the Defendant's General Counsel and it would be unjust to preclude service where service would have been sufficient if Plaintiff was lucky enough to have a designated person sign for the certified package, where Plaintiff had not been provided with any specific person to whom to address certified mailings for purposes of service of process. <u>Byrd v. District of Columbia</u>, Civil Action No. 04-2231 (PLF) (D.D.C. 2005) (holding Plaintiff demonstrated good cause where she mailed complaint and summons via certified mail to the address provided by Defendant and someone not authorized to accept service signed for said package).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Default Judgment.

                                                  Respectfully submitted,

                                                  _____/s/_____
                                                  Jimmy A. Bell, Esq.
                                                  Law Office of Jimmy A. Bell, P.C.
                                                  9610 Marlboro Pike
                                                  Upper Marlboro, Maryland 20772


created using BCL easyPDF Printer Driver
Click here to purchase a license to remove this image

(301) 599-7620  
(301) 599-7623 (Fax)

