**IN THE UNITED STATES DISRTICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NICOLE NORRIS** | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Case No.: 05-CV-1122 (HHK)** |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA, et al.** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**PLAINTIFF'S OPPOSITION TO**
**DEFENDANT'S MOTION TO DISMISS**

COMES NOW Plaintiff, Nicole Norris, by and through counsel, Jimmy A. Bell, Esq. and

the Law Office of Jimmy A. Bell, P.C. and hereby submits this Plaintiff's Opposition to

Defendant's Motion to Dismiss.

For cause, Plaintiffs state as follows:

**ARGUMENT**

**I.**   **PLAINTIFF SERVED DEFENDANT'S OFFICE OF GENERAL COUNSEL,**
**WHICH DEFENDANT DOES NOT ARGUE IS NOT AUTHORIZED TO**
**ACCEPT SERVICE, THUS SERVICE WAS SUFFICIENT AND DEFENDANT'S**
**MOTION TO DISMISS MUST BE DENIED.**

Federal Rule of Civil Procedure 4(j) states in relevant part that: "Service upon a state,

municipal corporation, or other governmental organization subject to suit shall be effected by

delivering a copy of the summons and the complaint to the chief executive officer or by serving

the summons and complaint in the manner prescribed by the law of that state…"

Federal Rule 4(h) states in pertinent part that service upon a corporation or association

shall be made by: "delivering a copy of the summons and complaint to an officer, a managing or



other general agent, or to any other agent authorized by appointment or by law…"  Not surprisingly, Defendant does not argue that its General Counsel's Office is not authorized to accept service on behalf of Defendant, but only that the person that actually signed for the certified package was not so authorized.  However, Plaintiff mailed, via certified mail, a copy of her Complaint to Defendant's General Counsel's Office and should not be penalized because Defendant has not made clear who should sign for such packages.  As Defendant does not take issue with the Office to which Plaintiff mailed her Complaint and Defendant does not argue that its General Counsel's Office was not authorized to accept service on behalf of Defendant, Plaintiff's Affidavit of Service is sufficient proof that proper service was made.  Accordingly, service was sufficient and Defendant's Motion to Dismiss must be denied.

II.     **ALTERNATIVELY, AS PLAINTIFF HAS SUBSTANTIALLY COMPLIED WITH THE FEDERAL RULES AND CAN DEMONSTRATE GOOD CAUSE, IF THIS COURT DEEMS SERVICE INSUFFICIENT, PLAINTIFF REQUESTS AN EXTENSION OF TIME TO EFFECTUATE SERVICE.**

Should this Court finds service to be insufficient, dismissal would be extreme, unwarranted, and contrary to the interests of justice, therefore, Plaintiff respectfully requests that this Court extend time for Plaintiff to properly effectuate service upon Defendant accordingly to Federal Rule 4(m).  Rule 4(m) states in pertinent part, "[i]f the plaintiff shows good cause for the failure [to effect service], the court shall extend time for service for an appropriate period."  This Court has stated that "Good cause may be found when a delay in issuance or service of a summons is due to a clerk's negligence or something else beyond plaintiff's control." United States of America, ex rel., Christopher Cody, et al. v. Computer Sciences, Corp., Civil Action

2


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image

No.: 04-2080 (RBW) (2007), <u>quoting</u>, <u>Abdel-Latif v. Wells Fargo Guard Services, Inc.</u>, 122 F.R.D. 169, 174 (D.N.J. 1988) (citation omitted).

Should this Court finds service to be insufficient, Plaintiff respectfully requests that this Court extend time for Plaintiff to properly effectuate service upon Defendant accordingly to Federal Rule 4(m).  Plaintiff has demonstrated good cause for such extension as Plaintiff has complied with Federal Rule 4 by serving the Defendant's General Counsel and it would be unjust to preclude service where service would have been sufficient if Plaintiff was lucky enough to have a designated person sign for the certified package, where Plaintiff had not been provided with any specific person to whom to address certified mailings for purposes of service of process. <u>Byrd v. District of Columbia</u>, Civil Action No. 04-2231 (PLF) (D.D.C. 2005) (holding Plaintiff demonstrated good cause where she mailed complaint and summons via certified mail to the address provided by Defendant and someone not authorized to accept service signed for said package).  Moreover, Plaintiff worked diligently to effect service in a timely fashion, keeping this Court abreast of issues relating to service as evidenced by Plaintiff's Motion to Re-Issue Summons.  Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion and if service is deemed insufficient, grant Plaintiff an extension of time within in which to effectuate service.

<b><u>CONCLUSION</u></b>

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,



_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (Fax)

4


created using
BCL easyPDF
Printer Driver
Click here to purchase a license to remove this image