IN THE UNITED STATES DISRTICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICOLE NORRIS** : | |
| : | |
| : | |
| Plaintiffs, : | |
| : | **Case No.: 05-CV-1122 (HHK)** |
| v. : | |
| : | |
| **DISTRICT OF COLUMBIA, et al.** : | |
| : | |
| Defendant. : | |
| : | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

COMES NOW Plaintiff, Nicole Norris, by and through counsel, Jimmy A. Bell, Esq. and the Law Office of Jimmy A. Bell, P.C. and hereby submits this Plaintiff's Opposition to Defendant's Motion to Dismiss.

For cause, Plaintiffs state as follows:

### ARGUMENT

I.  **VOLUNTARY DISMISSAL ACCORDING TO FEDERAL RULE 41(A) IS WITHOUT PREJUDICE AND DOES NOT PRECLUDE A RE-OPENING OF SAID CASE AGAINST DEFENDANT.**

According to Federal Rule of Civil Procedure 41(a)(1): "Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice…"  In the instant case, Plaintiff filed a notice according to Rule 41(a) on July 27, 2005, voluntarily dismissing her Complaint against Defendant District of Columbia.  However, on November 22, 2005, Plaintiff filed a Motion to Re-Open Plaintiff's case and subsequently, this Court issued a summons as to Defendant District of Columbia, which was properly served on April 10, 2007.

Plaintiff's July 27, 2005, notice did not state that said dismissal was with prejudice, thus



said dismissal was without prejudice and thus does not foreclose re-opening the instant case as to Defendant, and therefore does Defendant District of Columbia is a proper party in the instant action.  Accordingly, this Court must deny Defendant's Motion to Dismiss as Defendant is a proper party and as will be discussed below, Defendant was properly served.

Moreover, Defendant's previous argument that Defendant District of Columbia is not the proper party to the instant action is disingenuous as the University of the District of Columbia is an agency of the District of Columbia, the University employees are employees of the District of Columbia, and Congress granted the District of Columbia the authority to control and/or regulate the University's financial matters through the District of Columbia Financial Responsibility and Management Assistance Authority ("Control Board").  See <u>University of the District of Columbia Faculty Ass'n, et al. v. Board of Trustees of the University of the District of Columbia, et al</u>. (D.D.C. 1998) (finding that Control Board exceeded its authority when it nullified a collective bargaining agreement);  <u>Holland v. Board of Trustees of the University of the District of Columbia</u>, 794 F. Supp. 420 (D.D.C. 1992) (holding former employee of University, as employee of the District of Columbia, could not maintain DCHRA claims against the University).  Thus, because the District employs the University's faculty and staff and has the authority to act on behalf of the University, Defendant is a proper party to the instant action and dismissal is not appropriate.

II. **<u>DEFENDANT'S MOTION MUST BE DENIED AS SERVICE UPON THE MAYOR IS AUTHORIZED BY STATUTE, WHICH CANNOT BE SUPERSEDED BY THE MEMORANDUM ACCOMPANYING DEFENDANT'S MOTION, THUS SERVICE WAS SUFFICIENT.</u>**



Federal Rule of Civil Procedure 4(j) states in relevant part that: "Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and the complaint to the chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state…"

As Rule 4(j) makes clear, Plaintiff can opt to serve the chief executive officer, which in the District of Columbia would be the Mayor, or Plaintiff must effectuate service according to the Superior Court Rules of the District of Columbia. Id.; Candido v. District of Columbia, 2007 U.S. Dist. LEXIS 45175 (D.D.C. 2007).  In Candido, this Court stated that "Here, the plaintiff may satisfy the requirements of Rule 4(j)(2) by effecting proper service on the Mayor by "delivering [to him] a copy of the summons and of the complaint . . .", Fed. R. Civ. P. 4(j)(2), or by complying with Superior Court of the District of Columbia Rule of Civil Procedure 4(j), which requires a party suing the District of Columbia to "deliver[] . . . a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel of the District of Columbia (or designee)." SCR-Civil Rule 4(j)." Id. Moreover, §2-401 of the Code of the District of Columbia provides that "In suits commenced after June 20, 1984, against the District of Columbia, process may be served on the Mayor of the District of Columbia…"

Here, Plaintiff chose to effect service on the Mayor of the District of Columbia as Plaintiff can choose to do according to Rule 4(j)(2) of the Federal Rules of Civil Procedure.  As Plaintiff's Affidavit of Service makes clear, Plaintiff sent a copy of the summons, complaint, and amended complaint to the Mayor of the District of Columbia via certified mail, thus complying with Rule 4(j)(2) providing for service upon the chief executive officer. See also, Id..  It is



unsettling that while Defendant relies on <u>Candido</u> for its argument that Plaintiff did not properly serve Defendant and acknowledges that Plaintiff can opt to serve the District's Chief Executive Officer, Defendant still attempts to claim that service was insufficient.

Moreover, Defendant completely failed to acknowledge §2-401 of the Code of the District of Columbia, which provides that "In suits commenced after June 20, 1984, against the District of Columbia, process may be served on the Mayor of the District of Columbia…" Instead, Defendant chose to rely on two memoranda, which do not bear a file stamp from the Superior Court of the District of Columbia, in support of its notion that service was not sufficient.  Said memoranda, which do not appear to be accessible by the public cannot be used to supersede statutory authority allowing Plaintiff to serve the Mayor in actions against the District of Columbia as neither this Court, the Superior Court of the District of Columbia, or Congress has seen fit to adopt said memoranda as legally binding and/or as statutory law in the District. Accordingly, Plaintiff has no way of knowing who Defendant may designate, throughout its many branches and departments to accept service within the District of Columbia Government.  Thus, as Plaintiff has complied with statutory law and the Rules of this Court, service was sufficient and this Court must deny Defendant's Motion to Dismiss.

II.     **<u>ALTERNATIVELY, AS PLAINTIFF HAS SUBSTANTIALLY COMPLIED WITH THE FEDERAL RULES AND CAN DEMONSTRATE GOOD CAUSE, IF THIS COURT DEEMS SERVICE INSUFFICIENT, PLAINTIFF REQUESTS AN EXTENSION OF TIME TO EFFECTUATE SERVICE.</u>**

Should this Court finds service to be insufficient, dismissal would be extreme, unwarranted, and contrary to the interests of justice, therefore, Plaintiff respectfully requests that this Court extend time for Plaintiff to properly effectuate service upon Defendant accordingly to



Federal Rule 4(m).  Rule 4(m) states in pertinent part, "[i]f the plaintiff shows good cause for the failure [to effect service], the court shall extend time for service for an appropriate period."  This Court has stated that "Good cause may be found when a delay in issuance or service of a summons is due to a clerk's negligence or something else beyond plaintiff's control." <u>United States of America, ex rel., Christopher Cody, et al. v. Computer Sciences, Corp.</u>, Civil Action No.: 04-2080 (RBW) (2007), <u>quoting</u>, <u>Abdel-Latif v. Wells Fargo Guard Services, Inc.</u>, 122 F.R.D. 169, 174 (D.N.J. 1988) (citation omitted).

  Here, Plaintiff has demonstrated good cause for such extension, if service is found to be insufficient, as service was not effectuated due to circumstances beyond Plaintiff's control.  Specifically, Plaintiff complied with §2-401 and Federal Rule 4(j)(2) by serving the Mayor, via certified mail, and it would be unjust to preclude service where service would have been sufficient if Plaintiff was lucky enough to have a designated person sign for the certified package, where Plaintiff had not been provided with any specific person to whom to address certified mailings for purposes of service of process.  <u>Byrd v. District of Columbia</u>, Civil Action No. 04-2231 (PLF) (D.D.C. 2005) (holding Plaintiff demonstrated good cause where she mailed complaint and summons via certified mail to the address provided by Defendant and someone not authorized to accept service signed for said package).  Moreover, Plaintiff worked diligently to effect service in a timely fashion, keeping this Court abreast of issues relating to service as evidenced by Plaintiff's Motion to Re-Issue Summons.  Accordingly, Plaintiff respectfully requests that this Court deny Defendant's Motion and if service is deemed insufficient, grant Plaintiff an extension of time within in which to effectuate service.



## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss.

Respectfully submitted,

_____/s/_____
Jimmy A. Bell, Esq.
Law Office of Jimmy A. Bell, P.C.
9610 Marlboro Pike
Upper Marlboro, Maryland 20772
(301) 599-7620
(301) 599-7623 (Fax)