## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NICOLE NORRIS, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 05-cv-1122 (HHK)** |
| v. | : | **Judge Henry H. Kennedy, Jr.** |
| | : | |
| BOARD OF TRUSTEES OF THE | : | |
| UNIVERSITY OF THE DISTRICT | : | |
| OF COLUMBIA, | : | |
| | : | |
| **Defendant.** | : | |
| _____ | : | |

### DISTRICT OF COLUMBIA'S REPLY TO PLAINTIFF'S OPPOSIITON TO THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS

The District of Columbia, by and through counsel, hereby submits this reply to plaintiff's opposition to the District's Motion to Dismiss.

### ARGUMENT

**I.      PLAITNIFF  DID  NOT  SEEK  TO  RE-OPEN  THE  CASE  AGAINST THE DISTRICT ON NOVEMBER 22, 2005.**

Plaintiff argues in her opposition that the voluntary dismissal against the District was without prejudice and she could re-open the case against the District at any time pursuant to Rule 41(a)(1).  While this is true, Plaintiff filed a "Request for Summons and to Re-open Case" as to the University of the District of Columbia.  *See* Docket #7.  In that motion, Plaintiff admits that she voluntarily dismissed the District of Columbia on July 27, 2005.  *Id.* at ¶ 11.  Furthermore, plaintiff argued to the Court that because the University of the District of Columbia, a District agency that can be sued in its own name, had not been served, it was incorrectly marked closed by the clerk.  *Id.* at ¶ 12-13. Plaintiff never argued in that motion that she intended the District of Columbia to remain

a party to the action. In fact, the order issued by this Court on December 22, 2005, re-opened the case and orders a summons to be issued as to "defendant University of the District of Columbia." *See* Docket #8. The District of Columbia was not recognized by the Court as a party and plaintiff did not argue that the District was still a party.

It is extremely disingenuous for plaintiff to now argue, some two years later, the he intended the District to remain a party. As evidenced by the record in the case, plaintiff has had a substantial problem determining who the proper defendant should be in this case. The District finally agreed to consent to plaintiff substituting the proper party in this action with the Board of Trustees of the University of the District of Columbia. *See* Docket #12.

The District of Columbia is not a party to this action as evidenced by the record. The summons reissued by the Clerk on December 20, 2006, was clearly in error as to the District because the only remaining party in the action was the University of the District of Columbia. Therefore, the District requests that this court grant the District's Motion to Dismiss.

## II.    <u>SERVICE ON THE MAYOR WAS IMPROPER AND THUS, THERE WAS NO PROPER SERVICE ON THE DISTRICT OF COLUMBIA.</u>

Plaintiff argues in her opposition that she served the Mayor pursuant to Fed. R. Civ. P. 4(j)(2). However, through plaintiff's own admission, she did not "deliver" a copy of the summons and complaint to the Mayor. Rather, plaintiff had it served via certified mail to the Mayor's office. *See* Opposition at 3. In doing so, when plaintiff opted to serve the Mayor by this means, she was then compelled to follow the local rules of service. Super. Ct. Civ. R. 4(l). In serving via certified mail pursuant to

Super Ct. Civ. R. 4(l), plaintiff bears the burden of proving proper service on either the Mayor or a designee **and** the Attorney General or designee. Because the affidavit of service filed by plaintiff showed that she not only failed to serve the Mayor personally, but she also failed to serve his designee. Plaintiff also failed to serve the Attorney General's Office. Therefore, there was no proper service on the District of Columbia.

Plaintiff also asks this court to rely on D.C. Code § 2-401 in support of her position that the Mayor was properly served. Once again, unless plaintiff is personally delivering a copy to the Mayor, the Mayor's office has designated those persons who are authorized to accept service on his behalf. Plaintiff avers that she "had no way of knowing who defendant may designate, throughout its many branches and departments to accept service within the District of Columbia." *See* Opposition at 4. Contrary to plaintiff's assertion, it is absolutely plaintiff's burden to ensure that a party is being properly served. Plaintiff has a duty to investigate the agency and determine who is authorized to accept service on behalf of a government official. Therefore, plaitniff's arguments that she has complied with the statutory laws and Rules of this court is simply untrue.

Therefore, based on the foregoing, the District asks this court to find that service was improper and the case must be dismissed as to the District.

III.    **PLAINTIFF CANNOT SHOW GOOD CAUSE AS TO WHY ADDITIONAL TIME SHOULD BE GRANTED TO PROPERLY SERVE THE DISTIRCT**.

Plaintiff began prosecuting this case on June 7, 2005. In her initial complaint,

plaintiff named the District of Columbia as the only defendant in this action.  The District of Columbia moved to dismiss the complaint on the basis that the causes of action were against the University of the District of Columbia, which was a suable entity in the District of Columbia.  On June 21, 2005, Plaintiff filed an amended complaint naming as defendants the District of Columbia and the University of the District of Columbia. Plaintiff voluntarily moved to dismiss the District of Columbia as a defendant by praecipe on July 27, 2005.  Because the only remaining party, the University of the District of Columbia, had not been served, the case was inadvertently marked closed by the clerk.

Plaintiff moved on November 22, 2005, to re-open the case, stating that he believed the case was closed in error and wanted to case re-opened and a summons to issue to the University of the District of Columbia.  *See* Docket #7.  The court granted that request and issued on order December 22, 2005.  *See* Docket #8.  On April 6, 2006, a summons reissued as to the University of the District of Columbia.  The District of Columbia, on behalf on the University of the District of Columbia, moved to Dismiss against the University because the University must be sued under the Board of Trustees of the University of the District of Columbia.  Upon receiving the District's Motion to Dismiss, plaintiff filed a consent motion to substitute the University with the proper party, the Board of Trustees of the University of the District of Columbia.  *See* Docket #12.  On June 5, 2006, a summons issued as to the Board of Trustees of the University of the District of Columbia.  Plaintiff failed to serve the board in a timely manner and moved the court for a reissue of a summons on September 6, 2006.  *See* Docket #15.

On December 20, 2006, three months later, the clerk re-issued a summons, but did so as to both the Board of Trustees of the University of the District of Columbia and the District of Columbia Government. *See* Docket Entry. This again was in error, as the only defendant in this case at the time was the Board of Trustees of the University of the District of Columbia. On February 20, 2008, nearly one year later, Plaintiff filed an affidavit with her Motion for Judgment asserting service on the Mayor, albeit defective proof of service, indicating that service had been affected on the District of Columbia on April 10, 2007.

Plaintiff now asks this court to allow him additional time to serve the District if this Court finds that service was improper. It is clear from the record that plaintiff has failed to properly prosecute her case. Not only has plaintiff had substantial issues with just naming the proper defendant, the case obviously fell off plaintiff's radar for almost a year before filing her Motion for Default Judgment against a defendant that had been dismissed and was no longer a party to the suit. Plaintiff most certainly has not followed the case history closely, including reading her own pleadings, regarding the state of the District of Columbia in this case. *See* Docket #7. Moreover, plaintiff has already attempted to serve the Board of Trustees of the University of the District of Columbia, who is the proper party in this suit. While the District is representing the Board of Trustees of the University of the District of Columbia, the District in itself is not a proper party and has been rightfully dismissed.

## <u>CONCLUSION</u>

Based on the foregoing, the District respectfully requests that this court grant the District's Motion to Dismiss.

Dated: March 5, 2008.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Phillip A. Lattimore, III*
Phillip A. Lattimore, III [422678]
Chief, General Litigation Sec. III

/s/ *Kerslyn D. Featherstone*
KERSLYN D. FEATHERSTONE [478758]
Assistant Attorney General
Sixth Floor South
441 4th Street, N.W., Suite 600
Washington, D.C. 20001
(202) 724-6600 (office)
(202) 727-3625 (fax)
E-Mail: Kerslyn.Featherstone@dc.gov