UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NICOLE NORRIS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 05-1122 (HHK) |
| | : | |
| DISTRICT OF COLUMBIA | : | |
| GOVERNMENT, et al., | : | |
|     Defendant. | : | |

**REPLY BY THE BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA**

The Board of Trustees submits this reply to Plaintiff's Opposition to the Motion to Dismiss.

**Discussion**

In its motion, the Board argued that the chief executive officer of the University of the District of Columbia is the President of the University, and that Plaintiff failed to serve the President as required by the Federal rules. In fact, Plaintiff acknowledges in her opposition that she is required to serve either the chief executive officer of the Board, Fed. R. Civ. P. 4(j), or deliver a copy of the summons and complaint to an officer, managing or general agent, or agent authorized by either appointment or law to receive service of process for either the Board or the University of the District of Columbia. Super. Ct. Civ. R. 4(h)(1). In order to circumvent the requirement that Plaintiff serve the chief executive officer of the University, Plaintiff now argues that she properly served the Board because the Office of General Counsel can accept service of legal documents for the Board. This Court must reject this argument for the following reasons:

1

First, only the President of the University is authorized to accept legal service of documents on behalf of the University. *See* Declaration of UDC General Counsel David Watts, ¶ 7, p. 2. (Exh. No. 1). Moreover, the Board stated in its motion that the chief executive officer of the Board/University is the President of the University. In addition, the Board stated that even if Mr. Douglas was employed in the Office of General Counsel, which he was not, he would not be the chief executive officer of the Board or UDC. Thus, for Plaintiff to argue that the Board did not state that the Office of General Counsel cannot accept service of legal documents is not true.

Second, Plaintiff claims that she should not be "penalized" for improper service because UDC has not made clear who should sign for legal documents. Opp. at 2. However, the Government does not seek to penalize Plaintiff. Instead, Plaintiff, who has counsel, is charged with knowing the basic requirements of the Federal Rules, which requires service of legal documents on the "chief executive officer" of the University. By attempting to serve the Board by certified mail, Plaintiff took the risk that she would not properly serve defendant.

Third, the Board has clearly demonstrated that C. Douglas was neither employed by the University's Office of General Counsel in April, 2007, nor was he authorized to accept legal service of documents on behalf of the University. Exh. No. 1. C. Douglas is a mailroom clerk, and he is neither the chief executive officer of the University nor a managing agent of the University/Board. Clearly, C. Douglas is not the type of employee who is contemplated by either the Federal or local rules to accept service of legal documents on behalf of a government entity that can be sued. As set forth in the Board's motion, service on UDC was improper.

Finally, this Court should dismiss this case because Plaintiff has failed to properly serve the correct party for more than two years.

## CONCLUSION

The Board's motion should be granted.

Respectfully submitted,

PETER NICKLES
Interim Attorney General
 for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General,
Civil Litigation Division

       /s/
PHILLIP A. LATTIMORE, III [422968]
Chief, General Litigation Sec. III
Office of Attorney General
441 Fourth Street, N.W., Sixth Floor South
Washington, D.C. 20001
(202) 724-6626; (202) 727-6295
(202) 727-3625 (fax)
E-mail:  phillip.lattimore@dc.gov

*Counsel for District of Columbia*