UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NICOLE NORRIS,

v.

DISTRICT OF COLUMBIA
GOVERNMENT, et al.,

Defendants.

Civil Action No.  05-1122
HHK/DAR

## REPORT AND RECOMMENDATION

This action was referred to the undersigned United States Magistrate Judge for report and recommendation with respect to Plaintiff's Motion for Entry of Default ("Motion for Default") (Document No.18); District of Columbia's Motion to Dismiss ("District's Motion to Dismiss") (Document No. 19); and the Board of Trustees of the University of the District of Columbia's ("the Board") Motion to Dismiss on Grounds of Improper Service of Process ("Board's Motion to Dismiss") (Document No. 21).  Upon consideration of the motions; the memoranda in support thereof and in opposition thereto; the evidence adduced at the hearing, and the entire record herein, the undersigned recommends that Plaintiff's Motion for Entry of Default be **DENIED**; the District's Motion to Dismiss be **DENIED AS MOOT**; and the Board's Motion to Dismiss be **DENIED**.  It is **FURTHER RECOMMENDED** that Plaintiff's alternative request for an extension of time to effectuate service as to the Board be **GRANTED**, but that the extension be limited to 20 days from the entry of any order adopting the instant report and recommendation.

## BACKGROUND

Norris v. District of Columbia Government, et al.                                                    2

On June 7, 2005, Plaintiff Nicole Norris filed a complaint against the "District of

Columbia [("the District")][,] in its representative capacity for the University of the District of

Columbia [("UDC")][,]" alleging unlawful discrimination while she was a nursing student at

UDC in violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981, and the D.C. Human Rights

Act § 2-1402.41.  (Compl. ¶ 5, 68, 70).  On July 21, 2005, Plaintiff filed an Amended Complaint

adding UDC as a Defendant to the action.  *See* Amended Complaint at 1.  On July 27, 2005,

pursuant to Rule 41 (a)(1)(i) of the Federal Rules of Civil Procedure, Plaintiff filed a notice

voluntarily dismissing all claims against the District.[1]  *See* Plaintiff's Notice of Dismissal As To

All Claims Against the District of Columbia Government. ("Plaintiff's Voluntary  Dismissal")

(Document No. 6) at 2.  The court closed the case on November 1, 2005.  *See* November 1, 2005

ECF entry.

On November 22, 2005, Plaintiff requested the court to re-open the case and to issue a

summons for UDC.  *See* Plaintiff's Request for Summons and to Re-Open [the] Case

("Plaintiff's Request for Summons") (Document No. 7) at 3.   In support of her request, Plaintiff

contended that the court failed to issue a summons for UDC when she filed her Amended

Complaint four months earlier which precluded her from effectuating service upon UDC.  *Id*.

Plaintiff also acknowledged that she voluntarily dismissed the District in July, 2005.[2]  *Id*. at 2-3.

On December 22, 2005, the court granted Plaintiff's request and ordered the Clerk of the Court

to "re-open  this action and issue a summons as to Defendant UDC."   December 22, 2005 Order

---

[1]  Fed. R. Civ. P. Rule 41(a)(1)(I) is now Fed. R. Civ. P. Rule 41(a)(1)(A)(i). On December 1, 2007, "the language of Rule 41 was amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules.  These changes are intended to be stylistic only." 2007 Amendment of the Federal Rule of Civil Procedure Rule 41.

[2]   The undersigned observes that Plaintiff named only the University of the District of Columbia as a Defendant in the case caption of her Request for Summons and To Re-open the case. *See* Document No. 7.

Norris v. District of Columbia Government, et al.                                                    3

(Document No. 8) at 1.  A summons was subsequently issued for UDC on  December 23, 2005.

December 23, 2005 ECF entry.[3]

On May 15, 2006,  UDC filed a motion to dismiss the Amended Complaint on the

grounds that the Board of Trustees of UDC was the proper party in interest, rather than UDC.

*See* Defendant District of Columbia's Motion to Dismiss the Complaint (Document No. 11) at 4.

On May 22, 2006, Plaintiff filed a consent motion to substitute the properly named party on

behalf of UDC.  *See* Plaintiff's Consent Motion to Substitute "The Board of Trustees of the

University of the District of Columbia" as the Proper Party in Interest (Document No. 12).  The

court granted Plaintiff's Motion on  May 23, 2006.  On May 26, 2006, Plaintiff specifically

requested court to issue a summons for the Board.  *See* Plaintiff's Motion for Other Relief: A

Summons for "The Board of Trustees of the University of The District of Columbia," as the

Proper Party in Interest ("Pl.'s Motion for Other Relief") (Document No. 14). at 1.   The court

granted Plaintiff's Motion on June 5, 2006 and directed the Clerk of Court to "cause a summons

for The Board of Trustees of the University of the District of Columbia to be issued[.]"  June 5,

2006 Minute Order.

On September 5, 2006, Plaintiff informed the court that she never received the June 5,

2005 court issued summons for the Board and requested the court to "*reissue* a summons to the

Defendant[.]" Plaintiff's Motion for Leave of Court to Reissue Summons (Document No. 15) at

1(emphasis added).   On September 6, 2006, the court "granted Plaintiff's Motion for leave of

---

[3] On March 29, 2006, Plaintiff asked the court "to reissue a summons to be served, along with the Complaint, to the Defendant" after she reported that her process server "lost" the summons issued by the court on December 23, 2005.  The undersigned again observes that Plaintiff listed only the University of the District of Columbia as a Defendant in the case caption of her Motion for Leave of the Court to Re-Issue Summons. *See* Document No. 9 at 1-2. On April 4, 2006, the court granted Plaintiff's motion and directed the Clerk of the Court to "reissue the summons." *See* April 6, 2006 ECF entry.

Norris v. District of Columbia Government, et al.                                                    4

court to reissue summons." *See* September 5, 2006 Minute Order.  On December 20, 2006, the

Clerk of the Court reissued a summons for "District of Columbia Government" and "Board of

Trustees of the University of the District of Columbia."  *See* December 20, 2006 ECF entry.[4]

Fourteen months later, on February 20, 2008, Plaintiff  filed two Affidavits of Service, indicating

that service of process was completed on April 10, 2007 on both the District and the Board.  *See*

Document Nos. 16-17.  The pending motions were subsequently filed.


## CONTENTIONS OF THE PARTIES

### *Plaintiff's Motion for Entry of Default*

On February 20, 2008, in her Motion for Entry of Default against "Defendant District of

Columbia Government[]" (Document No. 18), Plaintiff contends that the Complaint, Amended

Complaint and Summonses in this action were served upon the District, in its representative

capacity for UDC, via courier through UDC's "Office of General Counsel" and the Office of the

Mayor on April 10, 2007.  *Id*. at 2-3.  In requesting entry of default, Plaintiff asserts that the

District had until April 30, 2007 to plead, defend or file an answer to Plaintiff's Amended

Complaint, but failed to do so as of the date of the motion.  *Id*. at 3-4.

In its opposition,  the District submits that Plaintiff's motion should be denied on the

grounds that: (1) Plaintiff's motion is moot – the District  filed a  responsive pleading on

February 22, 2008; (2) the District is no longer a party to this action – Plaintiff  voluntarily

dismissed the District on July 27, 2005; and (3) Plaintiff failed to properly effectuate service on

---

[4]  The ECF record does not reflect the basis upon which the Clerk of Court issued a summons to the District, a party voluntarily dismissed on July 27, 2005.

Norris v. District of Columbia Government, et al.                                                    5

the District – Plaintiff's Return of Service Affidavit does not indicate delivery to the former

Attorney General, the Mayor or one of their designees.  District of Columbia's Opposition  to

Plaintiff's Motion for Default (Document No. 20) at 1.

       On February 22, 2008, the Board also filed an opposition to Plaintiff's Motion for Entry

of  Default, challenging Plaintiff's service of process.[5]  The Board asserts that the individual who

signed  for the Federal Express courier package was not a person authorized to receive service of

process for the Board, UDC or the Office of General Counsel.  *See* Board of Trustees of the

University of the District of Columbia Opposition to the Plaintiff's Motion for Entry of Default

("Board's Opposition") (Document No. 22) at 1-3.

       In her reply to the District's opposition, Plaintiff requests that the court enter a default

judgment against the District.[6]  Plaintiff maintains that: (1) the District failed to timely file a

responsive pleading after it was served on April 10, 2007;  (2) a voluntary dismissal pursuant to

Rule 41(a) is without prejudice and does not preclude re-opening the case against the District;

and (3) the service on the Mayor of the District of Columbia was proper.  Plaintiff alternatively

requests that if the court were to decide that service was defective, then she be granted an

extension of time to effectuate service as to the District.  *See* Plaintiff's Reply to Defendant's

Opposition to Plaintiffs' [sic] Motion for Default Judgment (Document No. 24) at 1-5.

---

[5]  The Board, although not a subject of Plaintiff's Motion for Entry of Default (*See* Motion for Default)
(Document No. 18), filed an opposition to Plaintiff's motion because, "[I]t appears that Plaintiff seems to be saying
that she effectively served the Board of Trustees of the University of the District of Columbia by delivering a copy
of the complaint, amended complaint and summons to the University's Office of General Counsel[.]"  Board of
Trustees of the University of the District of Columbia Opposition to the Plaintiff's Motion for Entry of Default
("Board's Opposition") (Document No. 22) at 2.

[6]  On February 20, 2008, Plaintiff initially moved for Entry of default "against Defendants."  *See* Document
No. 18.

Norris v. District of Columbia Government, et al.                                        6

In her reply to the Board's opposition, Plaintiff, for the first time, requests that the court

enter a default judgment against the Board.  Plaintiff maintains that the Board failed to timely file

a responsive pleading after it was served on April 10, 2007, and that the service on "its General

Counsel's Office" was proper.  Alternatively, Plaintiff requests that if the court were to decide

that service was defective, then she be allowed an extension of time to effectuate service as to

both Defendants. *See* Plaintiff's Reply to Defendant Board of Trustees' Opposition to Plaintiffs'

[sic] Motion for Default Judgment (Document No. 25) at 1-3.


***The District's Motion to Dismiss***

Largely for the reasons it opposed Plaintiff's Motion for Entry of Default, the District

seeks to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(5);  Fed. R.

Civ.  P. 4(j)(2); Super. Ct. Civ. R. 4(j) and (1)(2), and to "clarify the record . . .that the District is

dismissed from this lawsuit."  In support of its motion, the District states that: (1) the District is

not a party to this lawsuit because Plaintiff voluntarily dismissed all claims against the District on

July 27, 2005, and (2) Plaintiff failed to properly serve the District pursuant to Fed. R. Civ.  P.

4(j)(2), Super. Ct. Civ. R. 4(j) and (1)(2).  *See* District of Columbia's Motion to Dismiss

("District's Motion to Dismiss") (Document No. 19) at 1.

In her opposition, Plaintiff argues that the voluntary dismissal of the District was without

prejudice and does not preclude re-opening the case against the District.  Plaintiff maintains that

she complied with Rule 4(j)(2) of the Federal Rules of Civil Procedure by service on the Mayor,

and that the requirements of that rule, cannot be superceded by the memorandum accompanying

Norris v. District of Columbia Government, et al.                                          7

the District's motion.[7]  In the alternative, Plaintiff again requests that if the court deems service

insufficient, then she be permitted an extension of time to effectuate service on the District, as

she has substantially complied with the Federal Rules and can show good cause.  *See* Plaintiff's

Opposition to Defendant's Motion to Dismiss (Document No. 27) at 1-5.

In its reply, the District contends that Plaintiff did not seek to re-open the case against the

District on November 22, 2005.[8]  The District maintains that service on the Mayor of the District

of Columbia was improper and that Plaintiff cannot show good cause as to why additional time

should be granted to properly serve the District.  *See* District of Columbia's Reply to Plaintiff's

Opposition to the District of Columbia's Motion to Dismiss ("District's Reply") (Document No.

28) at 1-4.

### The Board's Motion to Dismiss

On February 22, 2008, the Board moved, pursuant to Fed. R. Civ. P. 12(b)(5),  to dismiss

Plaintiff's Amended Complaint, challenging the assertion that proper service was effectuated

when a mail room clerk signed for a Federal Express courier package.  *See* Motion to Dismiss the

Board of Trustees of the University of the District of Columbia on Grounds of Improper Service

of Process ("Board's Motion to Dismiss") (Document No. 21) at 4.  In support of its motion, the

Board asserts that Plaintiff failed to serve the amended complaint and summons on either the

chief executive officer of the Board or an officer, managing or general agent, or on any other

---

[7]  The District attached to its motion a January 16, 2007 Memorandum to the Office of the DC Attorney General, which includes a list of names of individuals "designated to receive[] legal correspondence on behalf of the Mayor/Secretary of the District effective January 12, 2007."  *See* Document No. 19-2 at 1.

[8]  *See* Plaintiff's Request for Summons and to Re-Open Case (Document No. 7)

agent authorized by appointment or by law to receive service of process on the Board or UDC. *Id*. at 1.

In her opposition, Plaintiff asserts that the Board of Trustees of UDC was properly served at "its General Counsel's Office"; that the Board does not contend that its general counsel's office was not authorized to accept service on behalf of the Board; and that she "should not be penalized" because the Defendant has not made clear who should sign for such package." Plaintiff's Opposition to Defendant's Motion to Dismiss (Document No. 26) at 1- 2.  In the alternative, Plaintiff requested an extension of time to effectuate service against the Board, if the court deems service insufficient.  *See* Plaintiff's Opposition to Defendant's Motion to Dismiss (Document No. 26).

In its reply, the Board argues that the court should dismiss this case because the Plaintiff has "failed to properly serve the correct party for more than two years."  The Board maintains that only the president of the University is authorized to accept service of process on behalf of the University and that Plaintiff failed to serve the president as required.  *See* Reply by the Board of Trustees of the University of the District of Columbia (Document No. 29).

### *The motions hearing*

On May 8,2008, the undersigned held a motions hearing during which the Plaintiff, the District and the Board relied largely on the arguments in their respective briefs.  Plaintiff's counsel supplemented the arguments in his brief by proffering that: (1) Defendants had a duty to contact Plaintiff if they believed they were not properly served, but they failed to do so; (2) he personally called the Office of UDC's President to inquire about where to send the summons for

Norris v. District of Columbia Government, et al.                                                        9

the Board and he was told the "Office of the General Counsel"; (3) the District was dismissed

without prejudice, but the case was re-opened on November 22, 2005 as to both the District and

the Board;[9] and (4) Plaintiff's alternative request for an extension of time to effect service upon

the Defendants should be granted based upon the court's decision in *Byrd v. District of*

*Columbia*, et al., 230 F.R.D. 56 (D.D.C. 2005).[10]

      Counsel for the Board supplemented its written argument by proffering that: (1) Plaintiff

has a duty to find out who to serve and who is authorized to receive that service, but failed to do

so; (2) Plaintiff did not address her service to any specific person within counsel's office; (3)

Plaintiff's counsel did not attempt to inquire about who was the authorized person to receive

service when he called the president's office; (4) it first learned of the purported service on

February 20, 2008, when Plaintiff filed her return of service affidavits purporting to have

perfected service nearly a year earlier; and (5) there is no evidence that Plaintiff ever called the

office of the president of the Board.

**DISCUSSION**

***Plaintiff's Motion for Entry of Default against the District***

      In her pending motion, Plaintiff moves pursuant to Rule 55(a) of the Federal Rule of Civil

Procedure for Entry of Default against the District for failing to timely file a responsive pleading

to the Amended Complaint and Summons.  Motion for Default at 2.  Plaintiff alleges that she

---

[9]  The undersigned finds that Plaintiff's assertion is not supported by the record herein. *See* December 22, 2005 Order (Document No. 8).

[10]  In *Byrd*, the court found that the plaintiff had established good cause for an extension upon consideration of her counsel's proffer that counsel – as counsel in this action proffers – phoned the defendant to ask whom to serve, and followed the instruction. The Board objects to Plaintiff's request for additional time to perfect service and maintains that Plaintiff "failed to properly serve the correct party for more than two years." Reply by the Board of Trustees of the University of the District of Columbia (Document No. 29) at 3.

Norris v. District of Columbia Government, et al.                                    10

served the Complaint, Amended Complaint and Summons upon the District, in its representative

capacity for UDC, via courier through UDC's Office of General Counsel and via the Office of

the Mayor on April 10, 2007.  Plaintiff further claims that "Defendant did not file an answer or

other required pleading to the properly served Amended Complaint." *Id*. at 3.  The District

challenges Plaintiff's motion, in part, on the grounds that it was voluntarily dismissed and is no

longer a party to the case.  *See* District of Columbia's Opposition to Plaintiff's Motion for

Default (Document No. 20) at 1.  Once a party has been voluntarily dismissed, the court does not

have personal jurisdiction of that party; it is as if the case had never been filed against that

Defendant. *See* 8 MOORE'S FEDERAL PRACTICE § 41.33[6][b] (Matthew Bender 3d ed).

Thus, as a threshold matter the court must first decide whether the District is a party to this

action.

### *Voluntary Dismissal*

      Federal Rule of Civil Procedure 41(a) governs voluntary dismissal of an action.  Fed. R.

Civ. P. 41(a).  Fed. R. Civ. P. 41(a)(1)(A)(i) provides that a Plaintiff can unilaterally dismiss an

action without court order by filing a notice of dismissal before the opposing party serves either

an answer or a motion for summary judgment.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i).   Rule

41(a)(i)(A)(i) affords Plaintiff "a 'simple, self-executing mechanism,' whereby 'the plaintiff files

a notice of dismissal[;] . . . the dismissal takes effect automatically[,][and] the trial judge has no

role to play at all.'" *Amore ex rel. Estates of Amore v. Accor*, 529 F.Supp.2d 85, 90-91 (D.D.C.

2008); *see also  Carter v. United States Dep't of the Navy*, 258 Fed. Appx. 342, 343 (D.C. Cir.

2007).  The dismissal is without prejudice, unless the notice states otherwise. Fed. R. Civ. P.

Norris v. District of Columbia Government, et al.                                                11

41(a)(1)(B).  Once a plaintiff dismisses a defendant, the court loses jurisdiction over the
dismissed party and may not address the merits of the claims against such party any further.

        Based on the record in this case, the undersigned finds that the District is not a party to
this lawsuit.  On July 27, 2005, six days after filing her Amended Complaint adding UDC as a
defendant, and prior to the District filing an answer or motion for summary judgment, Plaintiff
voluntarily dismissed "all claims against the District of Columbia Government" without
prejudice pursuant to Rule 41(a)(1).  *See* Document No. 6 at 2.   After a period of inactivity, the
court subsequently closed the case on November 1, 2005.  *See* November 1, 2005 ECF entry.  On
November 22, 2005, Plaintiff requested the court to "re-open the case and to issue a summons
*against UDC*."  Plaintiff's Request for Summons at 3 (emphasis added).  In her request, Plaintiff
affirmatively acknowledged that the District was no longer a party to the action.  *Id*. at 2.  In
subsequent motions to reissue a summons for UDC, and later the Board of Trustees of UDC,
Plaintiff never sought leave of the court to re-open a lawsuit against the District.  *See* Document
Nos. 9, 12 - 15.  Moreover, the court's Electronic Case Filing Case Management system does not
indicate that Plaintiff ever requested the court to: (1) vacate or set aside the voluntary dismissal
against the District, or (2) issue another summons with respect to the District.

        In response to the court's inquiry regarding whether Plaintiff made such requests,
Plaintiff's counsel argued, at the motions hearing, that the District is a party in the action merely
because the court issued a summons on December 22, 2006 which was subsequently served on
the Mayor's office.  *See also* Motion for Default at 2-3.  When the court inquired of Plaintiff's
counsel regarding his efforts to bring the District back into the case, Plaintiff's counsel contended
that the District was brought back into the case when he realized that the District could be named

Norris v. District of Columbia Government, et al.                                                    12

as a proper party in the action; however, Plaintiff's counsel failed to direct the court to the

specific request to re-open the action against the District.  Plaintiff's counsel, instead, continued

to argue that the voluntary dismissal was without prejudice and that the District was served with

a summons on April 10, 2007.

The District, during the motions hearing, surmised that the Clerk of Court erroneously

issued a summons to the District on December 20, 2006, and the undersigned so finds.  The

undersigned notes that on September 5, 2006, Plaintiff informed the court that she never received

the June 5, 2005 court-issued summons for the Board and requested the court to "*reissue* a

summons to the Defendant[.]"  Plaintiff's Motion for Leave of Court to Reissue Summons

(Document No. 15) at 1 (emphasis added).  At no point did Plaintiff dispute the fact that the

District was no longer a party to the action.  On September 6, 2006, the court "granted Plaintiff's

Motion for leave of court to reissue summons."  *See* September 5, 2006 Minute Order.  On

December 20, 2006, the Clerk of the Court reissued a summons for the Board and issued a

summons for the District.  *See* December 20, 2006 ECF entry.

Plaintiff failed to direct the court to her request for a summons to be issued against the

District at any time after July 27, 2005.  Consequently, Plaintiff should not reap the benefit from

an erroneously-issued summons on the District.[11] Thus, the undersigned finds that the District

was voluntarily dismissed on July 27, 2005, never properly reinstated by Plaintiff, and thus was

not required to file an answer.  Accordingly, the undersigned recommends that Plaintiff's Motion

---

[11] Further, Plaintiff does not satisfy her burden of demonstrating that proper service was effectuated on the District (*i.e.* in this instance, on the Mayor or an authorized designee).

Norris v. District of Columbia Government, et al.                                        13

for Entry of Default against the District be denied, and that the District's motion to dismiss be

denied as moot.  *See McManus v. District of Columbia*, 530 F.Supp.2d 46,63 (D.D.C. 2007).

### *Sufficiency of Service*

A party can move the court to dismiss a compliant under Federal Rule of Civil Procedure

12(b)(5) for insufficient service of process.  Additionally, Rule 4(m) directs that if service has not

been made upon defendant within 120 days after filing the complaint, the court shall either

dismiss the action without prejudice or direct that service be completed within a specified time.

Furthermore, the plaintiff bears the burden of establishing that service of process was properly

effected.  *See Light v. Wolf*, 816 F.2d 746, 751 (D.C.Cir. 1987) (internal quotations omitted);

*Kidd v. I.R.S.*, No. CIV.A.03-1973, 2006 WL 1390422, at *2 (D.D.C. Mar. 10, 2006).

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of process upon

municipal corporations or state-created governmental organizations.  The rule states, in pertinent

part:

> (2) State or Local Government. A state, a municipal corporation or any other
> state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive
> officer;
> or
> (B) serving a copy of each in the manner prescribed by that state's law for serving
> a summons or like process on such a defendant."

Fed. R. Civ. P. 4(j)(2).  Rule 4(h) states, in pertinent part, that service upon a domestic

corporation or unincorporated association shall be made "by delivering a copy of the summons

and complaint to an officer, a managing or other general agent, or any other agent authorized by

appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(B).

Norris v. District of Columbia Government, et al.                                              14

Defendant moves to dismiss Plaintiff's Amended Complaint on the ground that Plaintiff

failed to properly effectuate service on the Board when she delivered the Amended Complaint

and Summons to "C. Douglas" a mail room employee for the UDC.  Board's Motion at 5.

Defendant contends that: (1) Plaintiff must serve a copy of the summons and amended complaint

on either the chief executive officer of the Board, the UDC or officer, a managing or other

general agent, or any other agent authorized by appointment or by law to receive service of

process; (2) the chief executive officer of the University of the District of Columbia is the

President of the institution, and that in April, 2007, neither the President, Dr. William Lawrence

Pollard, nor his designee, was served by Plaintiff; and (3) Mr. Douglas is "employed at the

[UDC], [but] neither works for the Board of Trustees, the Office of General Counsel, nor the

Office of the President of the University[,]" and as a mail room clerk "has not been authorized by

either the President or Chair of the Board of Trustees to accept service for the Board." *See*

Board's Motion at 1 - 5.

Plaintiff alleges that she "mailed, via certified mail, a copy of her Complaint to

Defendant's General Counsel's Office."  Plaintiff's Opposition to Defendant's Motion to

Dismiss ("Pl.'s Oppn.") (Document No. 26) at 2.  Plaintiff's counsel proffered, during the

motions hearing, that prior to serving the Board of Trustees of UDC, he called the Office of the

President of the Board of Trustees of UDC to inquire as to where to send the amended complaint

and summons, and he was advised to send it to the "Office of the General Counsel of UDC."

Plaintiff's counsel proffered that he did as he was instructed and that the package was received in

the general counsel's office by "C. Douglas."  *See also* Plaintiff's Affidavit of Service of Process

(Document No. 16) at 1.  Plaintiff contends that she "should not be penalized because Defendant

Norris v. District of Columbia Government, et al.                                              15

has not made clear who should sign for such packages." Pl.'s Oppn. at 2. Plaintiff's counsel

further argued, at the motions hearing, that the Board did not inform Plaintiff of the issue of

improper service of process until almost a year after Plaintiff served the Board, and – with no

citation of authority – that it is the duty of the mail room employee to alert others if a lawsuit has

been filed.

      The undersigned finds that Plaintiff did not "[deliver] a copy of the summons and of the

[amended] complaint to [Defendant's] chief executive officer" or to "an officer, a managing or

other general agent, or any other agent authorized by appointment or by law to receive service of

process[,]" as contemplated by the federal rules and therefore service of process was never

effective against the Board. Fed. R. Civ. P. 4(h)(1)(B), 4(j)(2)(A). "[O]ne becomes a party

officially, and is required to take action in that capacity, only upon service of a summons or other

authority-asserting measure[.]" *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 250

(1999). As a result of Plaintiff's failure to properly serve the Board, Defendant never became a

party to this lawsuit and was not required to file an answer.[12] This court has reaffirmed

"established District of Columbia precedent that service of process is invalid when the plaintiff

sends a summons and complaint by certified mail to a defendant's office[] but the mail is signed

for by a secretary, receptionist, or other individual no specifically authorized to accept service of

process." *Byrd*, 230 F.R.D. at 59 (*citing Eldridge v. District of Columbia*, 866 A.2d 786, 787-88

(D.C. 2004)).

---

[12] Thus, to the extent that Plaintiff's Motion for Entry of Default intended to incorporate a motion for entry of default against the Board, Plaintiff's motion for entry of default should be denied. *See* n.5, n.6, *supra*.

Norris v. District of Columbia Government, et al.                                    16

   In her opposition to the Board's Motion to Dismiss, Plaintiff requested, pursuant to Fed.

R. Civ. P. 4(m),  an extension of time to properly serve Defendant should this court find her

service to be insufficient.  *See* Pl.'s Oppn. at 2.  Pursuant to Fed. Civ. P. 4(m), "if service of

[a] summons and complaint is not made upon a Defendant within 120 days after filing the

complaint, the court, upon a motion or on its own initiative after notice to the Plaintiff, shall

dismiss the action without prejudice as to that Defendant, provided that if the Plaintiff shows

good cause for the failure, the court shall extend the time for service for an appropriate period."

Plaintiff bears the burden of showing good cause. *Id*.  The undersigned finds that the

circumstances proffered by Plaintiff constitute a showing of good cause for an extension in

accordance with *Byrd*.  However, the undersigned recommends permitting Plaintiff no more than

20 days to properly perfect service upon the Board.


**CONCLUSION**

   For the foregoing reasons, it is, this 1st day of August, 2008,

   **RECOMMENDED** that Plaintiff's Motion for Entry of Default be **DENIED**; the

District's Motion to Dismiss be **DENIED AS MOOT**; and the Board's Motion to Dismiss be

**DENIED**.  It is **FURTHER RECOMMENDED** that Plaintiff's alternative request for an

Norris v. District of Columbia Government, et al.                                          17

extension of time to effectuate service as to the Board be **GRANTED**, but that the extension be

limited to 20 days from the entry of any order adopting the instant report and recommendation.


_____
/s/
DEBORAH A. ROBINSON
United States Magistrate Judge

**Within ten days after being served with a copy, any party may file written objection to this report and recommendation. The objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for the objection.  In the absence of timely objections, further review of issues decided by this report and recommendation may be deemed waived.**